**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **ERIKA SANTIAGO**, on behalf of herself and others similarly situated, | : :  : |
| Plaintiff, | : CASE NO. 2:23-cv-976 : |
| v. | : JUDGE : : MAGISTRATE JUDGE |
| **TRILOGY HEALTH SERVICES, LLC**, c/o Corporation Service Company 3366 Riverside Dr., Suite 103 Upper Arlington, OH 43221, | : : **JURY DEMAND ENDORSED HEREON** : : : |
| Defendant. | : |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Plaintiff Erika Santiago ("Named Plaintiff"), individually and on behalf of others similarly situated, files her Collective and Class Action Complaint against Defendant Trilogy Health Services, LLC ("Defendant") for its collective failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; O.R.C. § 4111.03 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will collectively be referred to herein as "the Ohio Acts"). The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The Ohio Acts claims are brought as a class action pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

**I.    JURISDICTION AND VENUE**

1.    This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. § 1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant employed Named Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Ohio, and Defendant conducts substantial business in the Southern District of Ohio.

## II.     PARTIES

### A.     Named Plaintiff

4. Named Plaintiff is an individual, a United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5. Named Plaintiff was employed by Defendant from approximately March 17, 2020 until approximately December 17, 2021.

6. Named Plaintiff was employed as an hourly, non-exempt direct care employee of Defendant as defined in the FLSA and the Ohio Acts. Specifically, Named Plaintiff was employed by Defendant as an hourly State Tested Nursing Assistant ("STNA") at its Violet Spring Health Campus facility in Pickerington, Ohio from March 2020 until November 2020, and as a Licensed Practical Nurse ("LPN") at the same facility from November 2020 until January 2021. Named Plaintiff was also employed as an LPN at Defendant's Smith's Mill Health Campus facility in New Albany, Ohio from January 2021 until December 2021.

7. During her employment, Named Plaintiff worked forty (40) or more hours in one or more workweek(s).

8. During Named Plaintiff's employment with Defendant, Defendant required a daily unpaid thirty (30) minute meal break deduction from Named Plaintiff's and similarly situated direct care employees' hours worked. However, Named Plaintiff and similarly situated direct care employees often were unable to take a full 30-minute meal break or had their meal breaks interrupted or otherwise shortened by having to perform substantive work duties. This unlawful meal break deduction policy and/or practice resulted in Named Plaintiff and other similarly situated employees not being fully and properly paid for all of their hours worked in violation of the FLSA and the Ohio Acts.

9. Named Plaintiff brings this action on behalf of herself and other similarly situated direct care employees, and she has given her written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's consent is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b), attached hereto as **Exhibit A**.

10. Named Plaintiff also files a completed Consent to Join form for Shannon Nealy, attached as **Exhibit B**. Opt-In Plaintiff Nealy is a similarly situated employee of Defendant who worked at its Norwich Springs Health Campus facility in Hilliard, Ohio.

**B. Defendant**

11. Trilogy Health Services, LLC is a foreign limited liability company that operates and conducts substantial business activities in Ohio, including in the Southern District of Ohio.

12. Defendant is a joint employer and/or a single integrated enterprise that currently owns, operates, and/or manages a collection of senior living, assisted living, and healthcare facilities located in Ohio, Kentucky, Indiana, Wisconsin, and Michigan.[1]

---

[1] *See Trilogy Senior Living Community Locations*, TRILOGY HEALTH SERVICES, LLC, https://trilogyhs.com/communities/ (last visited Mar. 15, 2023).

13. Upon information and belief, Defendant has registered numerous other entities as part of its enterprise, and all of these entities maintain interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

14. Defendant's corporate address is located at 303 N. Hurstbourne Pkwy. Ste. 200, Louisville, KY 40222.

15. Defendant employed Named Plaintiff and other similarly situated direct care employees at its facilities; specifically, Defendant employed Named Plaintiff at its Violet Springs Health Campus in Pickerington, Ohio and at its Smith's Mill Health Campus in New Albany, Ohio.

16. Defendant has authority to and does hire and fire employees, supervise and control the work schedules and conditions of employees, determine the rate and method of pay, and/or maintain employee records. Defendant forms a "single employer" because it is part of a single integrated enterprise and/or it is a joint employer by jointly operating and providing services and maintaining interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

17. Defendant is an "employer" of Named Plaintiff and similarly situated direct care employees because it operates the single integrated enterprise or otherwise functions as a joint employer.

18. At all relevant times, Defendant has determined, shared, or co-determined those matters governing the essential terms and conditions of employment for Named Plaintiff and similarly situated direct care employees at Defendant's facilities.

19. At all relevant times, Defendant has had direct or indirect control and authority over Named Plaintiff's and similarly situated direct care employees' working conditions. At all relevant times, Defendant exercised that authority and control over Named Plaintiff and similarly situated

direct care employees.

20. Upon information and belief, Defendant's primary function is to operate a single group of senior living, assisted living, and healthcare facilities.

21. Defendant is a "single employer" as a single integrated enterprise and/or joint employer of Named Plaintiff and similarly situated direct care employees because it operates a chain of senior living, assisted living, healthcare facilities with interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

22. Because the work performed by Named Plaintiff and all other similarly situated direct care employees benefited Defendant and directly or indirectly furthered its interests, Defendant is the employer of Named Plaintiff and other similarly situated employees under the FLSA's broad definition of "employer."

23. Defendant has substantial control over Named Plaintiff's and similarly situated direct care employees' working conditions and over the unlawful policies and practices alleged herein.

24. Upon information and belief, Defendant applied or caused to be applied substantially the same employment policies, practices, and procedures to all direct care employees at all of Defendant's locations, including policies, practices, and procedures relating to the payment and calculation of wages as well as overtime, meal break deductions, and timekeeping.

25. Defendant has gross revenue that exceeds $500,000.00 per year. At all relevant times, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

26. At all relevant times, Defendant suffered or permitted Named Plaintiff and other

similarly situated direct care employees to perform work that resulted in missed and/or interrupted meal breaks even though it still deducted such time from these employees' work hours. The work that Named Plaintiff and other similarly situated direct care employees performed was for Defendant's benefit.

27. At all times relevant hereto, Defendant was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

## III. FACTS

28. During all times relevant, Named Plaintiff and Defendant's other similarly situated employees are hourly, non-exempt direct care employees who are entitled to overtime.

29. Named Plaintiff and other similarly situated direct care employees worked more than forty (40) hours in one or more workweek(s).

30. During their employment with Defendant, Named Plaintiff and other similarly direct care situated employees were not fully and properly paid for all overtime wages because Defendant required a 30-minute meal break to be deducted from their compensable hours worked even when Named Plaintiff and other similarly situated direct care employees were unable to take a full, uninterrupted bona fide meal break of thirty (30) minutes.

31. Although Defendant required the deduction of a daily 30-minute meal break, Named Plaintiff and other similarly situated direct care employees were often unable to take a full, uninterrupted bona fide meal break of thirty (30) minutes because they did not receive any break or their break was otherwise shortened interrupted by substantive job duties.

32. Defendant's facilities were regularly understaffed, and Named Plaintiff and other similarly situated direct care employees were often too busy with work to take a full, uninterrupted 30-minute meal break.

33. Consequently, a daily 30-minute meal break was deducted from hourly direct care employees' hours worked regardless of whether Named Plaintiff and these other similarly situated employees received a full, uninterrupted 30-minute bona fide meal break.

34. As a result of Defendant's companywide policy and/or practice requiring a 30-minute meal break deduction from its hourly, non-exempt direct care employees' compensable hours worked for meal breaks that were not taken at all or that were interrupted or otherwise shortened by performing substantive job duties, Defendant had actual or constructive knowledge that it was not compensating Named Plaintiff and other similarly situated direct care employees for all hours worked.

35. Named Plaintiff and other similarly situated direct care employees regularly worked more than forty (40) hours per week, or they would have worked more than forty (40) hours per week if their hours were not reduced by the meal break deductions, but they were not paid one-and-one-half times (1.5x) their regular rates of pay for all of hours worked over forty (40) as a result of Defendant's daily deduction of thirty (30) minutes for meal breaks that were not taken or that were otherwise interrupted or shortened by work.

36. Defendant's failure to compensate Named Plaintiff and other similarly situated direct care employees, as set forth above, resulted in unpaid overtime.

37. At all times relevant herein, Named Plaintiff and other similarly situated direct care employees were "employees" as defined in the FLSA and the Ohio Acts.

38. Defendant is and has been an "employer" as that term is defined by the FLSA and the Ohio Acts.

39. During their employment with Defendant, Named Plaintiff and other similarly situated direct care employees regularly performed overtime work without compensation.

40. During relevant times, Defendant suffered or permitted Named Plaintiff and those similarly situated employees to work more than forty (40) hours per workweek while not compensating them for all such hours worked over forty (40) at a rate of at least one-and-one-half times (1.5x) their regular rates of pay as a result of Defendant's companywide policies and/or practices described above that affected Named Plaintiff and all other similarly situated direct care employees.

41. During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein. Defendant knew that Named Plaintiff and other similarly situated direct care employees worked overtime without compensation for all overtime hours worked. Specifically, Named Plaintiff and other similarly situated direct care employees notified Defendant and Defendant's managers that they were unable to take full, uninterrupted meal breaks, yet Defendant still applied the 30-minute meal break deduction to their compensable hours worked.

42. Defendant is in possession and control of necessary documents and information from which Named Plaintiff would be able to calculate damages and/or it otherwise failed to keep such records.

## IV. FLSA COLLECTIVE ALLEGATIONS

43. Named Plaintiff brings her FLSA overtime claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other similarly situated direct care employees of the opt-in collective. The FLSA collective consists of the following:

> **All current and former hourly, non-exempt direct care employees[2] of Defendant who were paid for at least forty (40) hours of work in any workweek that they had a meal break deduction applied to their hours worked, beginning three (3)**

---

[2] "Direct care employees" includes all hourly direct care employees, including but not limited to State Tested Nursing Assistants, Licensed Practical Nurses, Caregivers, Resident Care Associates, Qualified Medication Aides, Registered Nurses, and Certified Nursing Assistants.

>**years prior to the filing date of this Complaint and continuing through the final disposition of this case (hereinafter the "FLSA Collective" or "FLSA Collective Members").**

44. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

45. In addition to Named Plaintiff, the putative FLSA Collective Members have been denied proper overtime compensation due to the companywide unlawful policies and/or practices described herein. Defendant failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the putative FLSA Collective Members overtime compensation for all overtime hours worked. Named Plaintiff is representative of those other similarly situated direct care employees and is acting on behalf of their interests as well as her own in bringing this action.

46. The identities of the putative FLSA Collective Members are known to Defendant and are readily identifiable through Defendant's records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

47. The net effect of Defendant's policies and practices is that Defendant willfully failed to fully and properly pay Named Plaintiff and the FLSA Collective Members overtime wages. Thus, Defendant enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the FLSA Collective Members.

## V. RULE 23 CLASS ALLEGATIONS

48. Named Plaintiff brings her Ohio Acts claims pursuant to Rule 23 as a class action

on behalf of herself and all other members of the following class:

> **All current and former hourly, non-exempt direct care employees[3] of Defendant who worked in Ohio and were paid for at least forty (40) hours of work in any workweek that they had a meal break deduction applied to their hours worked, beginning two (2) years prior to the filing date of this Complaint and continuing through the final disposition of this case (hereinafter the "Ohio Rule 23 Class" or "Ohio Rule 23 Class Members").**

49. During relevant times, Named Plaintiff and those Ohio Rule 23 Class Members worked at least forty (40) hours per workweek, but they were not correctly paid overtime for all hours worked in excess of forty (40) because of Defendant's unlawful policies and/or practices described herein.

50. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

51. Named Plaintiff is a member of the Ohio Rule 23 Class, and her claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

52. Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

53. Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that she has undertaken to represent.

54. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

55. Questions of law and fact are common to the Ohio Rule 23 Class.

---

[3] Again, "direct care employees" includes all hourly direct care employees, including but not limited to State Tested Nursing Assistants, Licensed Practical Nurses, Caregivers, Resident Care Associates, Qualified Medication Aides, Registered Nurses, and Certified Nursing Assistants.

56. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt direct care employees.

57. Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

58. Class certification is appropriate under Rule 23(b)(3) because the questions of law and fact common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

59. Questions of law and fact that are common to the Ohio Rule 23 Class include but are not limited to: (a) whether Defendant violated the Ohio Acts by failing to pay the Ohio Rule 23 Class for hours worked in excess of forty (40) per workweek because of Defendant's pay policies and practices described herein; (b) whether Defendant's violations of the Ohio Acts were knowing and willful; (c) what amount of unpaid and/or withheld overtime compensation is due to Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendant's violations of the Ohio Acts; and (d) what amount of prejudgment interest is due to the Ohio Rule 23 Class members for unpaid overtime or other compensation that was withheld or otherwise not paid to them.

60. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Ohio Rule 23 Class's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel

are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI. CAUSES OF ACTION

### COUNT I:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

61. All of the preceding paragraphs are realleged as if fully rewritten herein.

62. This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Collective.

63. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per workweek. 29 U.S.C. § 207(a)(1).

64. During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective Members.

65. Named Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in workweeks.

66. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to compensate them at one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) hours in a workweek because of Defendant's unlawful policies and/or practices described herein.

67. Defendant also violated the FLSA by failing to maintain and preserve payroll or

other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* 29 C.F.R. §§ 516.2, *et seq*.

68. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

69. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

70. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

71. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the FLSA Collective Members.

## COUNT II:
## O.R.C. § 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME

72. All of the preceding paragraphs are realleged as if fully rewritten herein.

73. This claim is brought under the Ohio Wage Act.

74. Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under the Ohio Wage Act.

75. The Ohio Wage Act requires that employees receive overtime compensation "not

less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (stating same).

76. Named Plaintiff and the Ohio Rule 23 Class Members worked in excess of the maximum weekly hours permitted under Section 4111.03 but were not paid all overtime earned for all hours worked over forty (40) in a workweek as described herein.

77. Named Plaintiff and the Ohio Rule 23 Class Members were not exempt from the wage protections of the Ohio Wage Act.

78. Defendant's repeated and knowing failures to pay overtime wages to Named Plaintiff and the Ohio Rule 23 Class Members were violations of the Ohio Wage Act, and, as such, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Ohio Rule 23 Class Members were entitled.

79. For Defendant's violations of the Ohio Wage Act, by which Named Plaintiff and the Ohio Rule 23 Class Members have suffered and continue to suffer damages, Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the Ohio Rule 23 Class Members.

## COUNT III:
## O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION

80. All of the preceding paragraphs are realleged as if fully rewritten herein.

81. Named Plaintiff and the Ohio Rule 23 Class Members were employed by Defendant.

82. During all relevant times, Defendant was an entity, or formed a single integrated

enterprise of entities, covered by the OPPA, and Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

83. The OPPA requires Defendant to timely pay Named Plaintiff and the Ohio Rule 23 Class Members all wages, including unpaid overtime, in accordance with Section 4113.15(A).

84. By failing to pay Named Plaintiff and the Ohio Rule 23 Class Members all wages due to them under the FLSA and the Ohio Wage Act, Defendant also violated the OPPA.

85. Named Plaintiff's and the Ohio Rule 23 Class Members' unpaid wages, including overtime, remained unpaid for more than thirty (30) days beyond their regularly scheduled paydays.

86. In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

87. As a result of Defendant's willful violation, Named Plaintiff and the Ohio Rule 23 Class Members are entitled to unpaid wages and liquidated damages, as stated in Section 4113.15.

## VII. **PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Ohio Rule 23 Class under the Ohio Acts;

D. Finding that Defendant failed to keep accurate records and that, as a result, Named Plaintiff, the FLSA Collective, and the Ohio Rule 23 Class are entitled to prove their hours worked with reasonable estimates;

E. Awarding to Named Plaintiff and the FLSA Collective Members unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to Named Plaintiff and the Ohio Rule 23 Class unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the Ohio Acts;

G. Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

H. Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class such other and further relief as the Court deems just and proper;

I. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

J. Rendering a judgment against Defendant for all damages, relief, or any other recovery whatsoever.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (0100041)
Tristan T. Akers (0102298)
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
         agedling@mcoffmanlegal.com
         khendren@mcoffmanlegal.com

takers@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated.*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman