UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ERIKA SANTIAGO,** *on behalf of herself and others similarly situated*, | : | |
| Plaintiff, | | Case No. 2:23-cv-976<br>Chief Judge Sarah D. Morrison<br>Magistrate Judge Chelsey M. Vascura |
| v. | | |
| **TRILOGY HEALTH SERVICES, LLC,** | : | |
| Defendant. | | |

## ORDER

This matter is before the Court on Plaintiff's Unopposed Motion for Approval of FLSA Collective Action Settlement and Dismissal with Prejudice. (ECF No. 52.)

Before a district court approves a settlement, it must find that the settlement is "fair, reasonable, and adequate." *Johnson v. Midwest Logistics Sys., Ltd.*, No. 2:11-CV-1061, 2013 WL 2295880 (S.D. Ohio May 24, 2013) (Rice, J.) (citing *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). In making this determination, courts look to seven factors:

> (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*Id.* (citing *UAW*, 497 F.3d at 631). The Court must also "ensure that the distribution of the settlement proceeds is equitable." *Myres v. Hopebridge, LLC*, No. 2:20-CV-

5390, 2023 WL 2399056, at *5 (S.D. Ohio Feb. 21, 2023) (Sargus, J.) (citation omitted). Courts have "wide discretion in assessing the weight and applicability" of the relevant factors. *Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 WL 3966253, *3 (S.D. Ohio Aug. 17, 2018) (Watson, J.) (quoting *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205–06 (6th Cir. 1992)).

The Court has reviewed the Motion and proposed Settlement Agreement (ECF No. 52-1). The total settlement amount ($21,000) is comprised of (1) settlement awards for the representative and opt-in plaintiffs, and (2) attorneys' fees and expenses. (ECF No. 52-1, ¶ 7.) Counsel requests $7,000 in fees and $402 in expenses, which leaves $13,598 (the "Net Settlement Fund") to be allocated toward settlement awards. (*Id.*, ¶¶ 8, 27; ECF No. 52-2, ¶ 27.) Each plaintiff's settlement award "represent[s] approximately 96% of their calculated alleged overtime damages, liquidated damages, and OPPA damages based on each Plaintiff having 2.5 hours of unpaid time added to their weekly hours in workweeks where they worked in excess of forty (40) hours." (ECF No. 52-1, ¶ 20.) An individual plaintiff's settlement award "shall be their respective *pro rata* share of the Net Settlement Fund based on the amount of unpaid overtime owed to [them]" as calculated by counsel. (*Id.*, ¶ 15.)

However, neither the Settlement Agreement nor the other materials before the Court articulate the calculation of the *pro rata* shares for the representative plaintiff and the three opt-in plaintiffs. The parties do not provide estimates of the number of overtime hours worked by these plaintiffs or information about their

2

potential range of recovery. As such, the Court cannot determine whether the amount to be paid to each plaintiff is fair and reasonable. *See O'Bryant v. ABC Phones of N. Carolina, Inc.*, No. 2:19-CV-02378, 2020 WL 4493157, at *13 (W.D. Tenn. Aug. 4, 2020) (citing cases denying approval of FLSA settlements when parties failed to provide estimates of overtime hours worked by or potential range of recovery for each plaintiff).

Additionally, the Court observes that the Settlement Agreement references a "Service Award" for the representative plaintiff (ECF No. 52-1, ¶ 24), but that capitalized term is not defined, and the Settlement Agreement does not provide the amount of that award. The Court is thus unclear whether and to what extent the representative plaintiff will be receiving such a "Service Award."

Because the Parties have not provided the Court with enough information to assess whether their settlement is fair and reasonable, the Motion is **DENIED without prejudice**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON
CHIEF UNITED STATES DISTRICT JUDGE**